IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN ARGENAL,<br><br>    Plaintiff,<br><br>v.<br><br>REASSURE AMERICA LIFE INSURANCE COMPANY, MACCABEES MUTUAL LIFE INSURANCE COMPANY, ROYAL MACCABEES LIFE INSURANCE COMPANY, SWISS REINSURANCE AMERICA CORPORATION, and DOES 1-50, inclusive,<br><br>    Defendants. | No. C 13-01947 CRB<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

The Court is in receipt of Plaintiff's Motion for Leave to File Motion for Reconsideration (dkt. 48, hereinafter "Motion"), which urges the Court to reconsider its Order of April 28, 2014 (dkt. 46, hereinafter "Order") denying Plaintiff's Motion for Partial Summary Judgment (dkt. 18, hereinafter "MPSJ") and granting in part and denying in part Defendants' Motion for Summary Judgment (dkt. 32, hereinafter "MSJ").  To be granted leave to file a motion for reconsideration, a party must demonstrate one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). Plaintiff's Motion relies on the Rule's third prong, see Mot. at 2, but fails to identify any unconsidered material facts or dispositive legal arguments.

Plaintiff's first argument is that the Court erred in refusing to invalidate the Policy's Residual Disability clause. Id. at 2-6. The purported invalidity of the Residual Disability clause was the predominant issue raised in Plaintiff's Motion for Partial Summary Judgment. See, e.g., MPSJ at 8 ("Defendant's Residual Disability Definition is Invalid Because it Contradicts California Law"), 10 ("Because the Policy's definition of Residual Disability is overbroad and conflicts with California's definition of Total Disability, it is invalid."). The Court did not miss it. The Court discussed the issue at length before concluding that "Plaintiff has failed to show why the Court should invalidate the Policy's Residual Disability provision as a violation of California law." Order at 7-10; see also MPSJ at 9 (in which Plaintiff conceded that "Residual Disability provisions are not inherently invalid and courts have been reluctant to render these provisions meaningless.").

Plaintiff next argues that the Court erred in concluding that Defendants did not act in bad faith, adding "if the aim in ruling on the parties' respective motions was to facilitate settlement negotiations, the Court has made a drastic miscalculation as the removal of the bad faith cause of action has created a vast difference in the parties' valuations of this case." Mot. at 7. To be clear: the Court ruled on the parties' motions because the parties made motions. It ruled as it did on the bad faith claim because it found that that claim had no merit. The Court did not fail to consider either of Plaintiff's two paragraphs on the subject of bad faith. See Pl. Opp'n to MSJ (dkt. 42) at 20-21; Order at 16-20. The Court simply did not accept Plaintiff's position. See Order at 20 (explaining that in California, a "court can conclude as a matter of law that an insured's denial of a claim is not unreasonable, so long as there existed a . . . genuine dispute" about coverage, and concluding that "the evidence shows that Defendants had a reasonable basis to award benefits under the Residual Disability provision").

Plaintiff's final argument is that the Court erred in concluding that Defendants did not present sufficient evidence of fraud. Plaintiff argues that he pointed to evidence which, "viewed in a

2

light most favorable to the Plaintiff establishes a prima fascia [sic] case for fraud." Mot. at 8. Again, the Court considered Plaintiff's fraud arguments. It just disagreed with them. See Pl. Opp'n to MSJ at 21-22; Order at 20-21 (concluding that "Plaintiff's vague and conclusory allegations are insufficient to establish fraud" and that Plaintiff failed "to establish a number of elements for a fraud cause of action.").

Plaintiff is of course entitled to disagree with the Court's conclusions. But such disagreement does not render the Court's analysis a manifest failure, nor warrant a motion for reconsideration that rehashes arguments already made in briefing. See Civil L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered."). Accordingly, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated: May 12, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE